IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OLUDARE OGUNDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:13cv484 (JCC) |
| | ) |
| ERIC HOLDER, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). [Dkt. 10.] For the following reasons, the Court will grant Defendants' Motion.

**I.   Background**

Plaintiff Oludare Ogunde ("Plaintiff"), a citizen of Nigeria, is presently incarcerated at Deep Meadow Correctional Center in State Farm, Virginia. (Am. Compl. [Dkt. 9-1] ¶ 1.) Plaintiff is serving a twenty-year prison term on account of state convictions for credit card theft and attempted grand larceny. (Am. Compl. ¶¶ 2, 13.)

In December 1999, during Plaintiff's incarceration, the former Immigration and Naturalization Services ("INS") served Plaintiff with a Notice of Intent to Issue a Final

Administrative Removal Order.  (Am. Compl. ¶ 6.)  This notice charged Plaintiff as deportable under 8 U.S.C. § 1101(a)(43) following his incarceration because he was convicted of an aggravated felony.  (Am. Compl. ¶ 6.)  Despite the notice, INS never instituted removal proceedings against Plaintiff.  (Am. Compl. ¶ 8.)

In October 2011, prison staff notified Plaintiff that INS had lodged an immigration detainer against him.  (Am. Compl. ¶ 9.)  Consequently, alleges Plaintiff, prison officials raised his security level and "his opportunity for work assignments outside the prison . . . was extinguished."  (Am. Compl. ¶ 9.)

To avoid removal, Plaintiff filed an Application for Asylum and Withholding of Removal with the United States Citizenship and Immigration Services ("USCIS") on July 29, 2012.  (Am. Compl. ¶ 10.)  USCIS dismissed Plaintiff's application on July 8, 2012.  (Am. Compl. ¶ 10.)

Plaintiff then instituted this action, seeking to challenge the disposition of his asylum application.  (Compl. [Dkt. 1] ¶ 16.)  In his initial complaint, Plaintiff alleged that he was not subject to removal and USCIS had misapplied pertinent law in denying his application.  (Compl. ¶¶ 16-18.)

On August 1, 2013, USCIS *sua sponte* reopened Plaintiff's asylum application.  (Am. Compl. ¶ 11.)  To date, no further action has been taken on Plaintiff's asylum request.

(Am. Compl. ¶ 11; Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mot.") [Dkt. 11] at 5.)

Plaintiff filed an Amended Complaint in this matter on August 23, 2013.[1] No longer contesting the asylum application, Plaintiff now seeks to compel Defendants to remove the immigration detainer. (Am. Compl. ¶¶ 4, 12-15.) Plaintiff also asks the Court to declare that he is not an aggravated felon subject to deportation pursuant to 8 U.S.C. § 1101(a)(43). (Am. Compl. ¶ 12.)

Defendants have moved to dismiss the Amended Complaint on grounds that the Court lacks jurisdiction to adjudicate Plaintiff's claims. (Def.'s Mot. at 1-2.) Plaintiff filed an opposition on September 27, 2013. [Dkt. 13.] Dedendants' Motion is now before the Court.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs the dismissal of an action where the Court lacks subject matter jurisdiction. Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter

---

[1] Plaintiff filed a Motion to Amend along with his Amended Complaint. [Dkt. 9.] This motion is unnecessary given Plaintiff filed his amended pleading within twenty-one days after Defendants' first motion to dismiss. *See Manship v. Brothers*, No. 1:11cv1003 (JCC/JFA), 2011 WL 6779315, at *5 (E.D. Va. Dec. 27, 2011) ("A party may amend a pleading once as a matter of course if the party does so . . . within 21 days after service of a responsive pleading or after the service of a motion under Rule 12(b)[.]"). Accordingly, the Court will deny Plaintiff's pending Motion to Amend as moot. The Amended Complaint is properly before the Court.

jurisdiction may be based.  *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.,* 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed true.  *Adams,* 697 F.2d at 1219; *Virginia v. United States,* 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams,* 697 F.2d at 1219; *King,* 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia,* 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indon.,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" (citations omitted)).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff.  *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Adams,* 697 F.2d at 1219; *see also Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having

filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

### III.   Analysis

Plaintiff's Amended Complaint, liberally construed, raises two claims: (1) the immigration detainer is unconstitutional; and (2) his prior state convictions are not aggravated felonies under 8 U.S.C. § 1101(a)(43) that subject him to deportation.  (Am. Compl. ¶¶ 12-15.)  Accordingly, Plaintiff seeks an order lifting the immigration detainer and declaring that his prior offenses do not constitute aggravated felonies.  (Am. Compl. ¶¶ 12-15.)  Plaintiff cites the federal habeas corpus statute, 28 U.S.C. § 2241, and the Administrative Procedure Act, 5 U.S.C. § 702, as bases for this Court's jurisdiction.  (Am. Compl. ¶ 4.)

As set forth below, the Court lacks jurisdiction to adjudicate Plaintiff's claims.

### A.   Immigration Detainer

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c).  The Supreme Court has interpreted this language as requiring that the habeas petitioner be "in custody" under the conviction or sentence

under attack at the time his petition is filed.  *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).  Absent this custody, the Court has no jurisdiction to grant the writ.  *Orozco v. INS,* 911 F.2d 539, 541 (11th Cir. 1990).

 The prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS custody.  *See, e.g., Luma v. United States*, No. 7:07 CV 00068, 2007 WL 495327, at *1 n.4 (W.D. Va. Feb. 9, 2007).  Moreover, courts in this circuit have consistently held that an immigration detainer does not subject a prisoner to INS custody.  *See Sewell v. Stephens*, No. 5:10-HC-2247-FL, 2011 WL 2746122, at *1 n.* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.");  *Richard v. INS*, C/A No. 0:11-1508-JFA-PJG, 2011 WL 5876916, at *1 (D.S.C. Nov. 22, 2011) ("[T]he lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241.").

 Since Plaintiff is not subject to a final order of removal and the only action INS has taken against him is the filing of a detainer with state prison officials, he is not in INS custody.  *See Sewell*, 2007 WL 495327, at *1 n.4 ("An alien who is confined pursuant to a criminal conviction is not in ICE custody simply because ICE has lodged a detainer against him with the prison where he is incarcerated.").  Accordingly, this

6

Court does not have jurisdiction to grant habeas relief regarding the detainer.  *Id.*

Despite Plaintiff's belief otherwise, he has no private right of action to compel immediate review of his detainer prior to the completion of his incarceration.  *See Moreno Escobar v. U.S. Dep't of Justice,* No. MISC.05-0048, 2005 WL 1060635, at *1 (E.D. Pa. May 5, 2005) (finding no cause of action to compel resolution of INS detainer).

B.  Aggravated Felon Status

To the extent Plaintiff seeks review of his status as an aggravated felon under 8 U.S.C. § 1101(a)(43), his request is premature.  Plaintiff seeks to circumvent the administrative process by asking this Court to declare that he is not an aggravated felon before federal immigration authorities have had an opportunity to make a final determination on this issue. Plaintiff cannot point to any agency action that is final or has conclusively determined his rights.  In fact, as evidenced by Plaintiff's pending asylum application, the administrative process is just beginning.  (Am. Compl. ¶¶ 8, 11.)  Without a final administrative order regarding removal, this Court is without authority to adjudicate this claim under the statutes cited.  *See Doe v. Tenenbaum*, 900 F. Supp. 2d 572, 581-82 (D. Md. 2012) ("[C]ourts lack subject matter jurisdiction to resolve claims that plaintiffs assert under the [Administrative

Procedure Act's] general review provisions where the agency action on which they base such claims lacks finality." (citation omitted)); *Kurfees v. INS,* 275 F.3d 332, 336 (4th Cir. 2001) ("[Plaintiff] cannot now attempt to bypass the administrative process by bringing a habeas corpus action in the district court.  It is well settled that parties must exhaust their administrative remedies before filing suit in federal court." (citations omitted)); *see also Sharma v. Mukasey*, 280 F. App'x 422, 423 (5th Cir. 2008) (finding review of plaintiff's challenge to her removal proceedings premature because there was no final order of removal).  In sum, Plaintiff's claim is premature.[2]

### IV.   Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion.  An appropriate order will issue.

|  | /s/ |
|---|---|
| October 1, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[2]  Insofar as Plaintiff contests his aggravated felon status by alleging that his state criminal convictions were obtained in violation of the Constitution, his claim is improper.  (Am. Compl. ¶¶ 14-15.)  Courts have uniformly ruled that this type of collateral attack on state convictions – *i.e.,* in a federal court reviewing immigration issues – years after they have become final is impermissible.  *See Mondragon v. Holder*, 706 F.3d 535, 543-44 (4th Cir. 2013).  Moreover, Plaintiff previously challenged his state convictions in a habeas action before this Court.  *See Ogunde v. Dir., Va. Dep't of Corrs.*, 36 F. App'x 508, 508 (4th Cir. 2002).  Consequently, Plaintiff's current allegations are proscribed by 28 U.S.C. § 2244(b)'s jurisdictional ban on successive habeas claims.  *See Hatcher v. Johnson*, Civil Action Nos. 3:10CV08, 3:12CV270, 2012 WL 1245660, at *1-2 (E.D. Va. Apr. 11, 2012).